E-FILED
Monday, 01 February, 2021  03:15:35 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RYAN B. BECK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No.  20 cv 4266 |
| | ) | |
| COUNTY OF ROCK ISLAND, | ) | |
| and GERALD BUSTOS, as Sheriff of | ) | **Judge James E. Shadid** |
| Rock Island County, | ) | |
| | ) | **Magistrate Judge Jonathan E. Hawley** |
| **Defendants.** | ) | |

### AMENDED COMPLAINT

Plaintiff RYAN B. BECK, by his attorneys, DEUTSCHMAN & SKAFISH, P.C., brings this Amended Complaint against Defendants COUNTY OF ROCK ISLAND and GERALD BUSTOS, as Sheriff of Rock Island County, stating as follows:

### VIOLATIONS OF § 1983 - CONDITIONS OF CONFINEMENT – DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS

### JURISDICTION

1.     This case arises under the Eighth and Fourteenth Amendments to the United States Constitution, and is expressly authorized by 42 U.S.C. § 1983 as a civil action to redress the deprivation of rights under color of state law.  Accordingly, this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

### VENUE

2.     Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b) because the events forming the basis of this Complaint occurred in this district.

## PARTIES

3.      Plaintiff RYAN B. BECK is and was an inmate in the custody of Defendant COUNTY OF ROCK ISLAND at the Rock Island County Jail, at all times relevant hereto.

4.      Defendant COUNTY OF ROCK ISLAND is a governmental entity and specifically a county within the state of Illinois as established by the General Assembly.

5.      Defendant GERALD BUSTOS is and was the Sheriff of Rock Island County at all times relevant hereto, with duties including the arrest and custody of certain accused offenders.

## PREVIOUS LAWSUITS

6.      Plaintiff is involved in a separate lawsuit in federal court, specifically, *Beck v. David, et al.*, 20-cv-00041 (Southern Dist. of Illinois), which is still ongoing.

## FACTS OF CLAIM

7.      On or about July 20, 2020, Plaintiff noticed swelling accompanied by extreme pain, redness, and stiffness in his right index finger.

8.      Plaintiff brought the issues with his finger to the attention of various agents and employees of Defendants and requested immediate medical attention, beginning on July 20, 2021, and continuing for several days.

9.      Plaintiff sent multiple messages via the kiosk provided to inmates, again requesting immediate medical attention.

10.     Plaintiff had pictures taken by agents and employees of Defendant to establish the severity of the issues in his finger.

11.     Plaintiff was not sent for medical evaluation until July 24, 2020, four days after he initially complained.

12.    Throughout the five-day period from July 20, 2020, to July 24, 2020, Plaintiff continued to experience worsening pain, and the visible symptoms, including the redness and swelling, also got noticeably worse.

13.    When Plaintiff was finally sent for medical attention on July 24, 2020, the doctor ordered him into emergency surgery which was necessary to save his finger and hand, due to infection having spread from the finger to the hand and wrist.

14.    Plaintiff endured unnecessary pain and suffering, and even after surgery has lost feeling in his right hand, all of which could have been avoided if he had been allowed access to prompt medical attention.

15.    At all times relevant hereto, Defendants, by and through their agents and employees, were acting under color of state law.

16.    Because individuals in state custody are prevented from caring for themselves, jail or prison officials violate the Eighth Amendment if they demonstrate "deliberate indifference" to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); U.S. Const. Amend. VIII.  This claim has two components. First, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  Second, the prisoner must demonstrate that prison officials knew of, and disregarded, a substantial risk of serious harm to the prisoner's health or safety. *Farmer*, 511 U.S. at 837; *Hayes*, 546 F.3d at 522.  Both of these requirements are satisfied in this case.

17.    As discussed above herein, Plaintiff's condition was serious enough that it required surgery even to save the finger and to keep infection from spreading.

18.     As discussed herein above, the Defendants, by and through their agents and employees, were aware that the Plaintiff faced a substantial risk of harm, as he had complained to them in person and via the computerized kiosk, and he had asked them to document the condition by taking pictures.

19.     Defendants were aware of Plaintiff's serious medical condition and his pain and discomfort, but nevertheless delayed or otherwise blocked his access to medical attention.

20.     The actions described above of the Defendants demonstrate a deliberate indifference to Plaintiff's serious medical needs.

21.     As a direct and proximate result of Defendants' deliberate indifference, Plaintiff has endured great physical suffering and lost functionality in his right hand.  He continues to experience the physical suffering, and lives every day with the fear that without proper care, his pain, discomfort, and suffering will continue and worsen.  These fears have left him depressed and ashamed, and demonstrate that Plaintiff is not being treated with the minimum level of respect that the Constitution acknowledges is due to all citizens.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff RYAN B. BECK requests that this Honorable Court enter judgment against Defendants for violation of his constitutional rights under the Eighth and Fourteenth Amendments, and award the following relief:

a.  Equitable relief in the form of an order forcing Defendants to provide Plaintiff with and refrain from interfering with all necessary follow up care for his finger and any other medical conditions which may arise in his confinement;

b.  Compensatory damages to compensate Plaintiff for his pain and suffering in an amount to be determined at trial;

c.  Punitive damages to sanction Defendants' unreasonable, willful, and unconstitutional conduct in an amount to be determined at trial;

d.  A declaratory judgment that the acts and practices of Defendants violated Plaintiff's constitutional rights;

e.  An award of costs and reasonable attorneys' fees pursuant to U.S.C. § 1988; and

f.  Any other relief this Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff RYAN B. BECK demands a trial by jury on all issues so triable.

Dated: February 1, 2021                    Respectfully submitted,


/s/ Bradley A. Skafish_____
Bradley A. Skafish
DEUTSCHMAN & SKAFISH, P.C.
77 W. Washington St. – 1525
Chicago, IL 60602
Attorney for Plaintiff RYAN B. BECK
A.R.D.C. # 6278462